UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PARNELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. K. WIN, DR. CHIN,<br><br>    Defendants. | No. 2:18-cv-0220 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. On June 18, 2019, defendants filed their reply to plaintiff's opposition to the pending motion for summary judgment. On July 29, 2019, plaintiff filed an untimely and unauthorized sur-reply. On August 5, 2019, defendants filed a motion to strike the sur-reply, but in the alternative, asked for leave to file a response to address plaintiff's new allegations.

Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). Nevertheless, the undersigned does not believe striking the sur-reply is appropriate here, considering plaintiff's pro se status and the fact that his sur-reply presents relevant evidence on summary judgment. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in

1

this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates. This rule relieves pro se litigants from the strict application of procedural rules. . . .") (citations omitted); Frost v. Symington, 197 F.3d 348, 352-53 (9th Cir. 1999) (requiring liberal treatment of pro se plaintiff at summary judgment); and Turner v. Admin. Sec. Personell, 2017 WL 4387326, at *1 (E.D. Cal. Oct. 3, 2017) ("district courts have the discretion to either permit or preclude a sur-reply.") While defendants are correct that no new arguments were raised in their reply, in this instance the court exercises its discretion and will consider the sur-reply in ruling on defendants' motion for summary judgment because of the nature of plaintiff's Eighth Amendment claims, as well as his pro se status.

Therefore, defendants' motion to strike the sur-reply is denied. Defendants shall have fourteen days in which to file a response to plaintiff's sur-reply. Once defendants' response is filed, the motion for summary judgment will stand submitted, and no additional filings are permitted. In other words, plaintiff is not granted leave to file a reply to defendants' response to the sur-reply.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 32) is denied; and

2. Within fourteen days, defendants may file a response to plaintiff's sur-reply. Following the filing of such response, no further briefing on the pending motion for summary judgment is permitted.

Dated: September 25, 2019

/parn0220.fb

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE